**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JONATHAN PURNELL,

Plaintiff,

v.

SAMANTHA PRICE,

Defendant.
______________________________/

Case No. 1:24-cv-12832

Hon. Michael C. Martin
United States District Judge

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Jonathan Purnell, a prisoner of the Michigan Department of Corrections, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant, Samantha Price, a nurse practitioner, violated his rights under the Eighth Amendment to the United States Constitution. Price moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Purnell failed to respond to the motion, despite being ordered to do so. Magistrate Judge Patricia T. Morris issued a report and recommendation in which she recommends that the Court deny Price's motion to dismiss. Price filed four timely objections to the report and recommendation. For the following reasons, the Court will adopt Magistrate Judge Morris's report and recommendation and deny Price's motion to dismiss.

When a party files timely objections to a report and recommendation, as Price has done here, the Court must "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified. 28 U.S.C. § 636(b)(1).

Price's first two objections are similar; they both argue that Magistrate Judge Morris erred by crediting allegations in the complaint that are unsupported by sufficient facts. First, Price objects that Magistrate Judge Morris accepted as true a "completely unfounded and unsupported" allegation contained in the complaint, namely that Price failed to timely schedule Purnell's surgery, thereby causing a delay to the surgery – a delay that ultimately resulted in pain, suffering and further injury. (ECF No. 24, PageID.153) Second, Price says that Magistrate Judge Morris erred by finding that the complaint sufficiently alleged deliberate indifference by Price, (*Id.* at PageID.154), which is one of the elements to an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

When evaluating a Rule 12(b)(6) motion, the Court must determine if the "complaint ... contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951-52 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). When drawing these inferences, the Court is guided, in part, by "common sense" and the "strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). It is noteworthy that Price offers no competing explanation for her conduct (or lack of conduct, as the case may be).

Purnell's complaint sets forth factual allegations that allow the Court to draw the reasonable inference that Price is liable for the alleged harm. The complaint sets forth details about how Price provided care for Purnell's injured hand, including that Price scheduled medical appointments for Purnell and reviewed the results of those appointments. However, one critical appointment – a procedure to remove metal wires that had been surgically placed in Purnell's hand – was allegedly not scheduled quickly enough. It is reasonable to infer from these facts that Price is liable for failing to schedule the surgery in a timely manner. And given that Price was intimately aware of Purnell's medical situation, it is also reasonable to infer deliberate indifference. Of course, that may turn out to not be true. But at this early stage in the proceedings, Purnell's complaint is sufficient. This is especially true given that the

Court "must construe the complaint in the light most favorable to the plaintiff," *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012), and that *pro se* complaints, like Purnell's, are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Price's third objection is that Magistrate Judge Morris should have granted her motion to dismiss because Purnell failed to file an opposition. (ECF No. 24, PageID.158) It is true that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court *may* deem the plaintiff to have waived opposition to the motion." *Scott v. State of Tenn.*, No. 88-6095, 878 F.2d 382 (Table), 1989 WL 72470, at *2 (6th Cir. July 3, 1989) (emphasis added). But dismissal here would be "a harsh sanction" and is unwarranted at this early stage of the proceedings. *Schreiber v. Moe*, 320 F. App'x 312, 317–18 (6th Cir. 2008). Dismissing Purnell's entire action because he failed to respond to a motion that Magistrate Judge Morris and this Court ultimately found to be unpersuasive would put form over substance. Purnell's *pro se* and custodial status also weigh against dismissal for failure to file a response. Nevertheless, the Court instructs Purnell that continued failure to file responses or follow Court orders may amount to a pattern of behavior that justifies dismissal at some point in the future. *Id.* at 318.

Price's final objection is that Magistrate Judge Morris erroneously relied on two cases, *Wiertella v. Lake County Ohio*, 141 F.4th 775 (6th Cir. 2025) and *Darrah*

*v. Krisher*, 865 F.3d 361 (6th Cir. 2017), because both are "factually distinguishable" from the present case. (ECF No. 24, PageID.159) The facts of both cases may indeed be different than the present case in certain respects, but Magistrate Judge Morris cited to those cases for the general proposition that a genuine issue of fact can arise when a medical provider expressly knows of a patient's medical needs but fails to act. That proposition fits comfortably within the contours of this case. It was not error for the Magistrate Judge to rely on these two cases.

For the foregoing reasons, the defendant's objections (ECF No. 24) are **OVERRULED**, the Magistrate Judge's report and recommendation (ECF No. 23) is **ADOPTED IN FULL**, and the defendant's motion to dismiss (ECF No. 18) is **DENIED**.

**SO ORDERED.**

s/Michael C. Martin
MICHAEL C. MARTIN
United States District Judge

Date: October 8, 2026